THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* QUIÑONES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 358 of the Penal Code.

No. 889.—Decided February 8, 1916.

DISTURBANCE OF PEACE—PUBLIC MEETING—LAWFUL ASSEMBLY—PRESUMPTION—DEFENSE.—It is not necessary to allege in an information charging the disturbance of a public meeting that the assemblage was lawful, for that presumption exists until the contrary is shown. It is a matter of defense.

ID.—PUBLIC MEETING—LAWFUL ASSEMBLY.—The object of section 358 of the Penal Code is manifestly to protect lawful assemblies or meetings, and in this case it was not necessary to allege or prove that the meeting was held within a building, even if that were necessary in the cases enumerated in the first part of the said section.

ID.—EVIDENCE—LEADING QUESTION—DISCRETION OF COURT—ABUSE OF DISCRETION.—At a trial for disturbance of the peace in which there are several defendants the admission of a question by the prosecution as to whether the witness knew the defendants, stating their names for the purpose of identification, lies within the sound discretion of the court and although the question is leading, the judgment should not be reversed on that ground in the absence of a clear abuse of discretion or prejudice.

EVIDENCE.—A court has the right to give credit to a single witness.

The facts are stated in the opinion.

*Messrs. Francisco González* and *Carlos Travecier* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the complaint under which the appellants were convicted was alleged to be insufficient. In their brief the appellants allege that in a complaint alleging the disturbance of a public meeting the fact of its being an assembly lawful in its nature should be set forth. We think any meeting would be presumed lawful until the contrary was shown and that that was the intention of the legislator would appear from the English text of section 358 of the Penal

Code under which the complaint was drawn. That section says, "or any other purpose not unlawful in character," and the use of the negative would imply that the allegation of an unlawful assembly would be a matter of defence. The complaint, however, alleges that it was a meeting of a political party and hence *prima facie* lawful.

The complaint is also attacked as insufficient on the ground that it does not state that there was a congregation of persons, but only that the defendants disturbed the peace of various persons. The complaint set up that the defendants voluntarily and maliciously disturbed various persons belonging to the Union Party of Porto Rico of Gurabo, who were having a reunion or public meeting on the plaza of Gurabo and that they caused the meeting to be broken up, which was a sufficient description of the disturbance of the meeting.

In the oral argument in this court the appellants alleged that the judgment should be reversed because the meeting was not shown to have taken place within any edifice. Section 358 provides:

"Every person who wilfully disturbs or disquiets any assemblage of people met for religious worship, or any other purpose not unlawful in character, by noise, profane discourse, rude or indecent behavior, or by any unnecessary noise, either within the place where such meeting is held, or so near as to disturb the order and solemnity of the meeting, is guilty of a misdemeanor; and every person who without authority of law wilfully disturbs or breaks up any assembly or meeting, not unlawful in its character, is guilty of a misdemeanor."

Under the words "and every person who without authority of law wilfully disturbs or breaks up any assembly or meeting, not unlawful in its character, is guilty of misdemeanor," the allegation or proof of a meeting place within walls is rendered unnecessary even if it were necessary for the former part of the section. The object of the whole section is manifestly to protect lawful meetings.

The appellants then allege that the court committed error in allowing various witnesses to be questioned by the *fiscal* as follows: "Do you know the defendants Ramón Qiuñones, Jr., Eduardo Collazo, Matías González?" naming all or nearly all of them. The particular objection was that the question was leading, and that the witness should have been made to state whom he saw. In a prosecution for disturbing the peace, committed by a number of individuals forming a crowd, it is rather important that the witnesses should be made to identify each individual, and the question was therefore leading. To allow a leading question is a matter within the sound discretion of the trial court and we should be slow to reverse a case unless we saw a clear abuse of discretion.

The record shows that the first government witness testified that he knew all ·of the defendants, and it does not appear whether he was questioned in leading form. The second witness when asked whether he knew three of the defendants (some twenty or more were tried), said he knew some of the defendants. He was not *led* to the disadvantage of the defendants. The third witness was asked if he knew the defendants and he said that he did. He was an intelligent witness. It was not shown that at the ' trial the witnesses were separated, and furthermore he only testified that some of the defendants took part in the disturbance and he identified them on direct and on cross-examination. Similar considerations apply to the fourth witness.

The trial was by the court, the defendants were numerous and the question at most only led a witness in the town of Gurabo to say that he knew all the named persons. We see no abuse of discretion or prejudice.

The appellants also maintain that only three of the defendants were identified and that the peremptory acquittal of the others was requested of the court below. There was the evidence of more than one witness tending to convict all of the defendants of the disturbance, but the court had a

right to believe a single one.   Two of the witnesses identified all of the defendants.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.